UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEST SALEM MORAVIAN CHURCH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN W. REID, INDIVIDUALLY and )<br>d/b/a PIONEER RESTORATION and )<br>PIONEER RESTORATIONS, LLC, )<br>)<br>  Serve at:  2512 S. State Road 39  )<br>              Frankfort, IN 46041    )<br>)<br>Defendants. ) | Case Number:  3:15-cv-426<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

Plaintiff, West Salem Moravian Church, by and through its undersigned attorneys, hereby makes its Complaint against Defendants John W. Reid, individually and d/b/a Pioneer Restoration; and Pioneer Restorations, LLC ("Defendants"), and alleges as follows:

## INTRODUCTION

This action arises from an April 19, 2011 collapse of a church steeple and belfry that was fortified and repaired by Defendants in or around May 2003.  Defendants designed and implemented the repairs for the section of the Church that collapsed, and failed to address the required uplift wind loading condition for a connection between the Church structure and the belfry.  The steeple and belfry section of the church collapsed

due to overturning forces that were introduced during a reasonably anticipated and foreseeable wind event.

## PARTIES AND JURISDICTION

1. Plaintiff, the West Salem Moravian Church, is a religious institution located at 257 East Church Street in West Salem, Illinois.

2. Church Mutual Insurance Company ("Church Mutual") is a Wisconsin corporation that at all times relevant hereto issued a policy of insurance to the Plaintiff Church. Pursuant to the terms of its insuring agreement and the equitable principles of subrogation, Church Mutual is entitled to stand in the shoes of the Church, as subrogee, and seek recovery of the insurance proceeds from the Defendants in the name of the Church.

3. Defendant John W. Reid is a resident of the State of Indiana that, at all times material hereto, was doing business as Pioneer Restoration with a principal place of business located at 2512 S. State Road 39, Frankfort, IN 46041.

4. Defendant Pioneer Restorations, LLC is an Indiana limited liability company with a principal place of business located at 2512 S. State Road 39, Frankfort, IN 46041.

5. Complete diversity of citizenship exists and the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and therefore, jurisdiction is proper under 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. §1391(a)(2) in that the events giving rise to this action occurred in this judicial district and all of the property involved is situated in this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiff is the owner of a Church and Christian Assembly facility that is located at 257 East Church Street, West Salem, Illinois 62476, and has been the owner of this property at all times relevant to this Complaint.

8. Defendants are a restoration contractor(s) that hold themselves out as providing repair, reinforcement, engineering analysis, and certifications regarding structural stability for structures upon which it performs its restoration and reinforcing work.

9. Defendants designed and recommended reinforcing repairs for structural integrity issues at Plaintiff's Church and Christian Assembly facility that were caused by the long-term decay of the original structural components that attached and secured the upper sections of the Church steeple belfry to the rest of that structure.

10. Defendants represented to Plaintiff that they had performed all the required reinforcing and repair work needed to address and correct the structural integrity issues that were caused by the long-term decay of the structural components that it reinforced, after it completed that reinforcing and repair work in or around 2003.

11. On April 19, 2011, the Church steeple and belfry for the Church and Christian Assembly facility fell from the top of the Church and impacted the roof and other portions of the Church structure below before landing on the ground.

12. The steeple and belfry portion of the overall Church structure collapsed and caused damage to Church roof, other portions of the Church structure, and the surrounding areas.

13. The Church's roof shingles, underlayment, sheathing, structural support members and other components of the Church's building envelope were damaged and required repair as a result of the steeple collapse.

14. Large cracks formed on the brick exterior walls of the tower that supported the steeple and belfry structure, and those damages required repair.

## COUNT I – NEGLIGENCE

15. Plaintiff hereby incorporates, realleges and reasserts the allegations contained in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Defendants undertook a duty to design a method for reinforcing and repairing structural integrity issues that were caused by the long-term decay of the original structural components that attached and secured the upper sections of the Church steeple and belfry to the structure for Plaintiff's Church and Christian Assembly facility.

17. Defendants agreed to properly reinforce the upper sections of the Church steeple and belfry.

18. Defendants owed Plaintiff a duty of reasonable care to properly address, reinforce, and repair the upper sections of the Church belfry and steeple.

19. Defendants breached their duty of care to Plaintiff in the following ways:

    a.    By failing to ensure that a qualified and competent engineer was consulted in relation to the reinforcing and repair work Defendants performed at the Church;

    b.    By failing to adequately address all of the structural integrity issues that were presented by the long-term decay of the original structural components at issue in this lawsuit;

    c.    By failing to consider the uplift loading conditions that would be introduced through a wind loading event when designing the repairs for the structural integrity issues it had agreed to address;

    d.    By failing to repair the long-term decay issues at the locations required to resist uplift loading from a wind loading event;

    e.    By failing to properly repair and reinforce the structural integrity issues for which it undertook repairs; and

    f.    By failing to warn Plaintiff of the risks associated with not addressing structural integrity issues relating to the known design condition of wind uplift loading.

20. Defendants' negligence was the proximate cause of the steeple and belfry structural collapse at issue in this lawsuit.

21. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages in the amount of $373,480.01.

WHEREFORE, Plaintiff respectively prays that this Court enter judgment against Defendants in the amount of $373,480.01 and for any other and further relief that this Court deems just and proper.

## **COUNT II – NEGLIGENCE PER SE**

22. Plaintiff hereby incorporates, realleges and reasserts the allegations contained in paragraphs 1-21 of this Complaint as if fully set forth herein.

23. The design of structural repairs, implementation of structural repairs, structural repair consultation work, and advice provided by Defendants to Plaintiff were provided under conditions that violated the Illinois Structural Engineering Practice Act - IL ST CH 68 1480.205, and IL ST CH 225 § 340/20.5.

24. The Defendants knew, or reasonably should have known that the work they undertook in relation to the structural integrity issues at the Plaintiff's Church and Christian Assembly facility required the services of a licensed structural engineer to ensure that the work was designed and performed in accordance with applicable codes and standards, and to ensure that the public was protected from the hazards and dangers of failing to consider critical design conditions that directly impact the health, safety and welfare of the public and those using the Plaintiff's Church and Christian Assembly facility.

25. The Illinois Structural Engineering Practice Act was enacted to protect the public and property owners from harm caused by unlicensed or unskilled contractors that undertake the repair or design of critical structural integrity components that may present a risk of collapse and unreasonable risk of harm to persons and property.

26. The acts and omissions of Defendants as alleged in this Complaint were and are a substantial factor in the collapse and resulting harm that is further set forth above.

27. Plaintiff is among those that the Illinois Structural Engineering Practice Act was designed to protect and for whose protection the foregoing statutes and regulations were adopted. Plaintiff's injuries are of the type that the foregoing statutes and regulations are intended to prevent. Defendants' violations of the foregoing statutes and regulations constituted negligence per se and created a presumption of negligence.

28. As a direct and proximate result of Defendants' acts and omissions as alleged in this Complaint, Plaintiff has suffered economic damages in an amount, nature, and degree to be proven at trial.

WHEREFORE, Plaintiff respectively prays that this Court enter judgment against Defendants in the amount of $373,480.01 and for any other and further relief that this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

29. Plaintiff hereby incorporates, realleges and reasserts the allegations contained in paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Plaintiff fully performed all of its obligations required by the contract entered between the Plaintiff and Defendants for the structural repairs made by Defendants.

31. Defendants owed a contractual duty to Plaintiff to adequately consider the requirements for structural repairs they were offering to undertake, to address the

structural integrity issues for which it offered to make repairs in accordance with industry standards, the Illinois building codes, the Illinois Structural Engineering Practice Act, and best practices.

32. Defendants owed a contractual duty to Plaintiff to perform the structural integrity repair work in a workmanlike manner according to standard practices.

33. Defendants breached their contract with Plaintiff by failing to adequately inspect the structural integrity issues they were offering to repair; in failing to consider uplift design load conditions; in failing to engage or recommend the services of a licensed structural engineer; in failing to make repairs to the structural components required for resisting uplift conditions; and failing to adequately consider the potential of a failure relating to uplift conditions.

34. Defendants' breach resulted in Plaintiff being damaged in the amount of $373,480.01.

WHEREFORE, Plaintiff respectfully prays that this Court enters judgment against Defendants for:

1. For $373,480.01, the amount that was actually incurred to make the repairs for the damages that were incurred as a result of Defendants' fault;
2. For prejudgment interest on all sums awarded to Plaintiff;
3. For costs of suit incurred herein; and
4. For all such other and further relief this Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all matters due as a matter of right.

Dated: April 17, 2015 By: */s/ Steve Hughes*
Steven J. Hughes   #6199595
Attorney for Plaintiff
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO  63102
Telephone:  314-421-5545
Fax:  314-421-3144
E-mail:  hughes@pspclaw.com